

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *P. Michael Cunningham*<br>*Assistant United States Attorney*<br>*michael.cunningham@usdoj.gov* | *Suite 400:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Direct: 410-209-4884*<br>*Main: 410-209-4800*<br>*Fax: 410-962-3091* |

April 8, 2022

Via email:
Cynthia_Frezzo@fd.org

Cynthia A. Frezzo, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender for the District of Maryland
100 S. Charles Street, 9th Floor, Tower II
Baltimore, MD  21201

*ORIGINAL*

> Re:   *United States v. Ryan M. Conlon*
>        Criminal No.: *SAG-22-0144*
>        Related No.:   22-mj-0195

USDC- BALTIMORE
'22 MAY 23 PM1:2 Dear Ms. Frezzo:

This letter, together with the Sealed Supplement, constitutes the plea agreement (this "Agreement") that has been offered to your client, Ryan M. Conlon (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("the Government" or "this Office"). **The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by April 29, 2022, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to waive indictment, and plead guilty to a Criminal Information charging him with Interstate Threatening Communication, in violation of 18 U.S.C. § 875(c). The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:  That on or about December 29, 2021, in the District of Maryland:

Rev. August 2018

   a. First, that the defendant threatened to murder the NSA Director and shoot NSA employees;

   b. Second, that the threat was transmitted in interstate commerce; and

   c. Third, that the defendant transmitted the communication for the purpose of issuing a threat or with the knowledge that the communication would be viewed as a threat by the recipient.

<u>Penalties</u>

  3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 875(c) | NA | 5 yrs | 3 yrs | $250,000 | $100 |

   a. **Prison:**  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

   b. **Supervised Release:**  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

   c. **Restitution:**  The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

   d. **Payment:**  If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d).  The Defendant may be required to pay interest if the fine is not paid when due.

   e. **Forfeiture:**  The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

   f. **Collection of Debts:**  If the Court imposes a fine or restitution, the United States Attorney's Office for the District of Maryland's  Financial Litigation Unit will be responsible for collecting the debt.  If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law.  Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant

has any interest or over which the Defendant exercises direct or indirect control.  Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns.  The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      The Defendant knowingly waives the right to have the charges presented to a Grand Jury for indictment.  He also expressly waives the right to challenge venue for this offense, and agrees to have the charge adjudicated in the District of Maryland.

b.      .  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

c.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the Government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

e.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

f.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

Rev. August 2018

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial, except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

*demands an in-person hearing. CAF RC*

j. The Defendant ~~expressly waives his right to have in-person proceedings before the court, and voluntarily consents to virtual proceedings across audio-video media connection.~~

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. The Government and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a. The Government and the Defendant further agree that the applicable base offense level is 12, pursuant to United States Sentencing Guidelines ("USSG") § 2A6.1(a)(1).

b. The Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. The Government may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, the Government, or the

Rev. August 2018

United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

    c.  The adjusted offense level is ten (10).

  7.  Although the parties believe the Defendant's criminal history will be Category I, there is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

  8.  Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Rule 11 (c) (1) (C) Plea

  9.  The parties stipulate and agree that an **appropriate sentence** is to a term of probation of three (3) years, the first **six (6) months** of which is to be served in home confinement with appropriate release for work, religion, court business and as otherwise approved by the supervising U.S. Probation Officer. This Office agrees to not seek the imposition of a fine. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing.

*[handwritten margin note: The 9:00pm to 9:00 am curfew will remain in effect throughout the six (6) months of home confinement.]*

Waiver of Appeal

  10.  In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

    a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

    b.  The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term

of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

       c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

11.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

12.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

<u>Court Not a Party</u>

13.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court, except as noted in paragraph 9, above. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what

guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

14.    This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

By:

P. Michael Cunningham
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

4/12/22
Date

Ryan M. Conlon

I am the Defendant's attorney.  I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant.  The Defendant advises me that the Defendant understands and accepts its terms.  To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

4/12/2022
Date

Cynthia A. Prezzo, Esquire

Rev. August 2018

7

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Ryan Matthew CONLON (hereinafter, "CONLON" or "Defendant") is 38 years old and during the times relevant to this case, resided in Halethorpe, Maryland.

CONLON has a history of making threatening communications to government agencies, sometimes implicating other individuals as the party making the threat. In early 2021, he was behind several communications threatening to blow up the National Security Agency ("NSA") and shoot government employees. FBI agents investigated, and identified CONLON as the person behind the threats. He was confronted, admitted to his conduct, and acknowledged that it was criminal, and he would cease making such calls. For many months, it appears he was successful in refraining from such conduct.

However, on December 29, 2021, at about 9:27 p.m. EST, the FBI received a submission on the FBI Tipline in Washington, DC, containing the following content:

[Person 3] will Blow up NSA Headquarters. [Person 3] has built a Bomb in his basement. [Person 3] will murder the NSA Director.
He will blow up NSA Headquarters and shoot up all federal NSA Employees.
[Person 3] is a danger to NSA and a National Security threat. Bomb attack on NSA Headquarters and NSA Director will be murdered.
[Person 3] and his accomplice have been plotting to Blow Up NSA Headquarters for 1 month.
[Person 3] will attack on New Years Day.

FBI was able to identify the telephone number from which this tipline call was made, and it resolved to CONLON.

On December 31, 2021 at approximately 8:32 a.m. EST, the FBI received another submission on the FBI Tipline in Washington, DC, with the following content:

White Chevy Tahoe, Car Tag
8EC1118
Bombs inside SUV Truck
Ready to be delivered to White House
MD CAR TAG 8EC1118 CHEVYTAHOE
Child Pornography inside White Chevy Tahoe as well.
WANTED CRIMINAL CAR TAG

Rev. August 2018

The FBI was likewise able to identify the origin of this communication and it too resolved to CONLON. When CONLON was later confronted and arrested, he acknowledged that he might have made the threatening communications which, in fact, he had. These threats were transmitted in interstate commerce. The Defendant sent the communications with the intent to threaten the NSA Director and NSA employees, or with the knowledge that the communications would be viewed as a threat.

SO STIPULATED:

P. Michael Cunningham
Assistant United States Attorney

Ryan M. Conlon
Defendant

Cynthia A. Frezzo
Counsel for Defendant